UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GEORGE TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-21 |
| | § | |
| FCA US LLC; ca FCA NORTH AMERICA | § | |
| HOLDINGS LLC; ca FIAT CHRYSLER | § | |
| AUTOMOBILES N.V., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO REMAND

Plaintiff George Torres alleges that he was driving a car with a defective Takata PSDI-4 airbag inflator when he rear-ended another vehicle. As a result of the collision, the airbag deployed and the inflator exploded, sending metal shrapnel into his eye and jaw. He filed this action in the County Court at Law No. 1, Nueces County, Texas against the car manufacturer, FCA US LLC f/k/a Chrysler Group, LLC (FCA), and against a servicer, Rittgers' Services, Inc. d/b/a Greatstate Transmissions (Greatstate). He makes state law claims for product liability and negligence against FCA. With respect to Greatstate, he makes a state law claim of negligence.

FCA timely removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a). It is undisputed that the amount in controversy requirement is satisfied and that Greatstate is a non-diverse Defendant. What is disputed is whether Greatstate was properly joined. D.E. 1. Before the Court is Plaintiff's motion to remand, along with FCA's response and Plaintiff's reply. D.E. 7, 8, 9. For the following reasons,

Plaintiff's motion to remand is DENIED. D.E. 7. And the claim against Greatstate is DIMISSED.

## STANDARD OF REVIEW

"The burden of persuasion placed upon those who cry fraudulent joinder is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (quotations omitted). To prove fraudulent joinder, now known as improper joinder, the removing party must show: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Defendant FCA removed pursuant to the second route, arguing Plaintiff cannot establish a cause of action against Greatstate. To prevail on this argument, FCA must show there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The Court determines this issue by first conducting a Federal Rule of Civil Procedure 12(b)(6)-type analysis. This must be done pursuant to the federal pleading standards. *Int'l Energy Ventures Mgmt, LLC v. United Energy Group Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do."

Plaintiff's motion to remand is DENIED. D.E. 7. And the claim against Greatstate is DIMISSED.

## STANDARD OF REVIEW

"The burden of persuasion placed upon those who cry fraudulent joinder is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (quotations omitted). To prove fraudulent joinder, now known as improper joinder, the removing party must show: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Defendant FCA removed pursuant to the second route, arguing Plaintiff cannot establish a cause of action against Greatstate. To prevail on this argument, FCA must show there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [the] in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

The Court determines this issue by first conducting a Federal Rule of Civil Procedure 12(b)(6)-type analysis. This must be done pursuant to the federal pleading standards. *Int'l Energy Ventures Mgmt, LLC v. United Energy Group Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, "[p]leadings must be construed so as to do justice." Rule 8(e). The requirement that the pleader show that he is entitled to relief requires "more than labels and conclusions[;] a formulaic recitation of the elements of a cause of action will not do."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Factual allegations are required, sufficient to raise the entitlement to relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Those factual allegations must then be taken as true, even if doubtful. *Id*. In other words, the pleader must make allegations that take the claim from conclusory to factual and beyond possible to plausible. *Id.*, 550 U.S. at 557. The *Twombly* court stated, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570.

In this context, the court construes the facts alleged in the complaint as true. The court may also consider: (a) documents attached to the complaint or identified as central to the claims made therein; (b) documents attached to the motion that are referenced in the complaint; and (c) documents that are subject to judicial notice as public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Piercing the pleadings for a "summary inquiry" is appropriate only when the Plaintiff "has stated a claim but has misstated or omitted discrete facts that would determine the impropriety of joinder." *Smallwood*, 385 F.3d at 573. To identify such facts, the court may consider affidavits and other evidence submitted by the parties. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 311 (5th Cir. 2005). Because the Court finds that the pleading does not state a claim against Greatstate that survives the *Twombly* analysis, the Court does not conduct a summary inquiry.

## DISCUSSION

The entirety of Torres's specific complaint against Greatstate appears in his state court petition as follows:

> GreatState Transmission had a duty when inspecting the Subject Vehicle to check for all active recalls and ensure that the Subject Vehicle was not subject to any active recall notices.
>
> GreatState Transmission failed in this duty by failing to check the free national database to see that the Subject Vehicle was subject to a recall for the dangerous and deadly [T]akata airbags. GreatState Transmission's failure to exercise ordinary care when inspecting the Subject Vehicle was the proximate cause of the Plaintiff's injuries and damages.

D.E. 1-2.

In opposing remand, FCA argues Greatstate did not owe Plaintiff any duty under state tort law because "post-sale servicers are under no duty to discover and warn about latent defects or recalls." D.E. 8, p. 6 (citing *State Farm Lloyds v. Polaris Indus., Inc.*, No. CIV. A. 6-12-19, 2012 WL 3985128,*3 (S.D. Tex. Sept. 11, 2012); *Aguilar v. Michelin Tire N. Am., Inc.*, No. SA:16-CV-048-DAE, 2016 WL 10519132, at *3 (W.D. Tex. Mar. 23, 2016)). The Court agrees that Texas law "generally imposes no duty to take action to prevent harm to others." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000) (citations omitted).

Plaintiff, however, invokes an exception to this general rule: the negligent undertaking theory. Under this theory, "a duty . . . may arise when a person undertakes to provide services to another, either gratuitously or for compensation." *Torrington*, 46 S.W.3d at 837. While duty is generally a question of law, the negligent undertaking duty

has factual predicates: "(1) [the defendant] undertook to perform services that it knew or should have known were necessary for the plaintiffs' protection, (2) [the defendant] failed to exercise reasonable care in performing those services, and either (3) the [plaintiff] relied upon [the defendant's] performance or (4) [the defendant's] performance increased the plaintiffs' risk of harm." *Id*. at 838 (citations omitted). If contested, a jury must also decide whether the scope of the defendant's undertaking included the allegedly negligent acts or omissions. *Id*. at 839.

Plaintiff's cryptic allegations do not include these factual predicates for applying a negligent undertaking duty. He has not alleged on what basis Greatstate provided services that it knew or should have known were necessary for Plaintiff's protection in satisfaction of the first element. More specifically, he does not state what services Greatstate undertook to provide or how they relate to any recall notices. Allegations that Greatstate "inspected" the vehicle are not sufficiently specific to satisfy this requirement. And because he makes no argument that Greatstate increased his risk of harm, his petition is deficient for failing to allege the alternative—facts on which to predicate his reliance, the third element. It does not, for example, specifically allege that Plaintiff took the vehicle to Greatstate for service or that he was otherwise aware that Greatstate had performed any service, much less service that would involve its airbags.

While not set out in his pleading, Plaintiff suggests in his briefing that Greatstate undertook an airbag-related service because it "report[ed] to Carfax and review[ed] the Carfax report." D.E. 7, p. 2. But even if Greatstate took these actions, Plaintiff offers no allegations that Greatstate ever extended its services to include airbags or any warnings

with respect to airbag recalls. Nothing in his allegations or arguments supports the conclusion that mere access to Carfax reports creates a duty owed to another.

In sum, Plaintiff's allegations do not provide a reasonable basis from which to infer Greatstate's liability. For that reason, it is unnecessary to perform a summary inquiry into the facts. Plaintiff's joinder of Greatstate is therefore improper and the negligence claim made against it must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Plaintiffs' motion to remand is DENIED. D.E. 7. The claim against Defendant Greatstate is DISMISSED.

ORDERED this 9th day of April, 2020.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE